UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:10CR387 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| JAMES C. DIMORA, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

The Third Superseding Indictment charges the defendants, James C. Dimora and Michael D. Gabor, with RICO conspiracy, conspiracy to commit mail fraud and honest services mail fraud, Hobbs Act violations, and various other related crimes. (Doc. No. 444, Third Superseding Indictment.) The charges stem from an extensive three-year federal investigation into allegations of public corruption in Cuyahoga County, Ohio.

On September 1, 2011, defendants filed a series of pre-trial motions. The Court conducted a hearing on all of the pre-trial motions on October 5, 2011. Six of these motions touch upon discovery issues and five of them will be addressed in this Opinion and Order.[1] Specifically, the Court shall address herein: defendant Gabor's motion for production of statements of persons who are not government witnesses (Doc. No. 416);

---

[1] A sixth discovery motion, defendant Dimora's motion for disclosure of grand jury transcripts and identities of confidential informants and agreements (Doc. No. 417), will be addressed in a later Opinion and Order.

defendant Gabor's motion for disclosure of Rule 404(b) evidence (Doc. No. 418); defendant Gabor's motion to reveal all deals with cooperating witnesses (Doc. No. 419); defendant Gabor's motion for production of *Jencks* material prior to suppression hearing or trial (Doc. No. 420); and defendant Dimora's motion for a discovery deadline (Doc. No. 421).[2]

### 1. Defendant Gabor's Motion for Production of Statements of Persons Who are not Government Witnesses (Doc. No. 416)

Without providing any legal basis for the request, defendant Gabor moves "the Government to exercise due diligence by making inquiry and searching, and to produce any and all statements […] attributed to persons whom the Government does not presently intend to call as witnesses herein." (Mot. at 1.) The government denies that the defendants are entitled to any such evidence. The Court agrees.

Rule 16(a)(2) of the Federal Rules of Criminal Procedure specifically states that it does not authorize "the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Section 3500, otherwise known as the Jencks Act, in turn, covers the production of statements and reports of government witnesses and does not provide for the production of statements by individuals the government does not intend to call.[3] *See United States v. Shyne*, 617 F.3d 103, 105 (2d Cir. 2010) ("the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500, do not apply to non-testifying declarants"); *United States v. Schier*, 438 F.3d 1104, 1112

---

[2] Future Opinions and Orders will resolve the remaining pre-trial motions.
[3] Section 3500(b) provides, in relevant part: "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement […] of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."

(11th Cir. 2006) ("Plainly, the Jencks Act does not apply to the statements of non-testifying witnesses.")

The Court finds no rule or statute that would require the government to comply with defendant Gabor's request. Further, to the extent that this request triggers the government's production obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); the Jencks Act; or *Giglio v. United States*, 405 U.S. 150 (1972), the government has indicated that it is mindful of its discovery obligations and intends to meet them.

Finding no basis to support defendant Gabor's discovery request, the motion is DENIED.

### 2. Defendant Gabor's Motion for Disclosure of Rule 404(b) Evidence (Doc. No 418)

Defendant Gabor requests that the government produce all information that it intends to introduce as to other crimes, wrongs or acts covered by Rule 404(b) of the Federal Rules of Evidence. He insists that early production (two weeks prior to trial) of such evidence is necessary to allow for "adequate review and preparation of motions in limine, if appropriate." (Mot. at 1.) The government responds that it has filed a notice of intent (Doc. No. 443) and supplemental notice of intent (Doc. No. 470) to use Rule 404(b) evidence, and that, therefore, this motion is moot. Defendant Gabor reminds the Court that the duty to provide such evidence is on-going.

At the motion hearing, the government represented that it intends to honor its continuing discovery obligations, including its obligation to provide Rule 404(b) evidence upon request. *See United States v. Gonzalez*, 501 F.3d 630, 637 (6th Cir. 2007) ("Under Rule 404(b), when the defendant requests notification of the government's intent

to introduce other-act evidence, the government must provide such notice in a reasonable form and manner."); *see, e.g., United States v. Barnes*, 49 F.3d 1144, 1147 (6th Cir. 1995) (setting forth the Rule 404(b) notice requirements). Now that such a request has been made by motion, the Court directs the government to continue to provide to both defendants any information or evidence that is responsive to that request as such evidence becomes available. Athough recognizing that the government's obligation to provide such information is a continuing one, *see Barnes*, 49 F.3d at 1145, the Court DENIES defendant Gabor's motion as moot.

> 3. **Defendant Gabor's Motion to Reveal All Deals with Cooperating Witnesses (Doc. No. 419)**

Citing *Giglio*, defendant Gabor requests "this Court to Order the Government to reveal any agreement, verbal or written, entered into between the Government and cooperating witnesses." (Mot. at 3.) The government observes that defendant Gabor's motion does nothing more than request that the government honor its obligations under *Giglio*, which, the government contends, it has every intention of doing. According to the government, defendant Gabor already has access to much of the requested information, as certain agreements were produced prior to the scheduled depositions of Kevin Payne and Jerry Skuhrovec, and other deals have become publicly available after the Court accepted each agreement. The Court is satisfied with the government's representation that it will honor its discovery obligations in a timely manner. Thus, subject to the understanding that the government's obligation is a continuing one, defendant Gabor's motion is DENIED as moot.

> 4. **Defendant Gabor's Motion for Production of *Jencks* Material (Doc. No. 420)**

Noting that this case is "exceptionally complex," defendant Gabor also argues that early disclosure of *Jencks* material is necessary to "insure that the trial is not unduly delayed with the time consuming task of reviewing the material during trial." (Mot. at 1.) Under Rule 26.2, which incorporates the Jencks Act in the Federal Rules of Criminal Procedure, after a witness has testified on direct examination, the government or the defendant may discover the witness's pretrial statements if the statements are in the possession of the party calling the witness and relate to the subject matter of the witness's testimony. *See also* 18 U.S.C. § 3500.

In response to this motion, the government represents that it intends to honor its Jencks Act disclosure duties (as well as any Rule 26.2 obligations), and notes that, if the Court schedules a suppression hearing, it also will timely provide *Jencks* material. It further represents that, once it has identified its witnesses and the subject matter of the testimony, the United States will likely produce some of the witness statements in advance of trial, and all early enough to avoid any trial delay.

While it is true that early disclosure of *Jencks* material "avoids the inevitable delay of the trial when the material is withheld until the witness concludes his direct examination[,]" *United States v. Minksy*, 963 F.2d 870, 876 (6th Cir. 1992), the government has the right under the Jencks Act to withhold such material until the witness has testified on direct. *See id.; United States v. Brazil*, 395 Fed. Appx. 205, 215 (6th Cir. 2010); 18 U.S.C. § 3500(b);  *see also United States v. Presser*, 844 F.2d 1275, 1283 (6th

Cir. 1988) ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial.")

The Court DENIES defendant Gabor's motion, but encourages the government to consider pretrial and/or early disclosure of all *Jencks* material in order to ensure that there are no unnecessary delays at trial.

### 5. Defendant Dimora's Motion for a Discovery Deadline (Doc. No. 421)

Defendant Dimora urges the Court to set a firm discovery deadline, three months in advance of trial, as the date that both sides must disclose all evidence that is, or will be, required to be disclosed prior to trial. This request would include all *Brady, Jencks*, and *Giglio* material, all FBI 302s, and notices of intent to use evidence. The government opposes any such deadline, highlighting the fact that discovery has been on-going, with the bulk of the discovery materials produced on December 23, 2010 (to defendant Gabor), and February 2, 2011 (to defendant Dimora), pursuant to the existing protective orders. Further, it underscores the fact that it has honored its obligations under *Brady, Giglio*, and *Jencks*, and will continue to do so. The government also takes issue with defendant Dimora's recommendation that it be required to identify *Brady* material amidst the evidence which has already been disclosed. *See United States v. Warshak*, 631 F.3d 266, 297-98 (6th Cir. 2010) (rejecting claim that the government must separately

identify *Brady* material.)[4]

It was evident to the Court at the motion hearing that the parties have been in regular communication regarding discovery matters. It was also clear that the government has, to date, met its discovery obligations, and counsel for the defendants did not suggest otherwise. Moreover, it appears that the defendants have already received a substantial amount of discovery. The Court, therefore, believes that it is unnecessary to establish an artificial discovery deadline, and it, therefore, DENIES defendant Dimora's motion for the same. Notwithstanding this ruling, the Court fully expects the parties to continue to work together to ensure that all discovery obligations, on both sides, are honored in a timely manner. The Court also expects the parties to advise the Court immediately if any discovery disputes arise.

For all of the foregoing reasons, and subject to the government's continuing discovery obligations, the above-mentioned discovery motions (Doc. Nos. 416 and 418-421) are DENIED.

**IT IS SO ORDERED**.

Dated: October 25, 2011

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**

---

[4] Relying on the Fifth Circuit's decision in *United States v. Skilling*, 554 F.3d 529 (5th Cir. 2009), *vacated in part on other grounds*, 130 S.Ct. 2896 (2010), the Sixth Circuit in *Warshak* rejected an argument that the government had abdicated its duties under *Brady* by "simply handing over millions of pages of evidence and forcing the defense to find any exculpatory information contained therein." *Warshak*, 631 F.3d at 297. Finding no evidence that the government had responded to its *Brady* duties in bad faith, nor any indication that the government had "larded its production with entirely irrelevant documents," it denied the defendant's *Brady* claim. *Id.* at 297-98. Likewise, while the discovery in this case has been voluminous, the defendants have offered no evidence, nor even suggested, that the government has acted in bad faith in fulfilling its discovery obligations. The Court, therefore, DENIES defendant Dimora's request for the government to separately identify all *Brady* material.