# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:10cr387 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| MICHAEL D. GABOR, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of *pro se* defendant Michael D. Gabor ("defendant" or "Gabor") to compel former counsel to return his client file (Doc. No. 1092 ["Mot."].) Gabor's former counsel, attorneys Leif Christman and David Oakley, have filed a response (Doc. No. 1094 ["Counsel Resp."]), as has the government (Doc. No. 1096 ["Gov. Resp."]). Gabor has filed a reply to former counsels' response. (Doc. No. 1095 ["Reply"]).

## I. BACKGROUND

The charges against defendant stemmed from an extensive federal investigation, beginning in 2007, into allegations of public corruption in Cuyahoga County, Ohio. Defendant was one of over 60 individuals who were charged in connection with the federal probe. Most of the arrests resulted in guilty pleas, though courts in this judicial district presided over numerous jury trials. One remaining jury trial is scheduled to begin in this Court on August 7, 2015. *See United States v. Farmer*, 1:14CR362.

1

Defendant was one of the defendants who went to trial. In March 2012, after a six week jury trial, defendant was convicted of multiple counts of conspiracy and various substantive fraud-related federal offenses. (Doc. No. 739.) On August 14, 2012, the Court sentenced defendant to a term of 121 months imprisonment, to be followed by three years of supervised release. (Doc. No. 974.) Defendant took a direct appeal from the judgment, which was denied on April 30, 2014. (Doc. No. 1067.) Gabor's request for certiorari review was denied on November 12, 2014. (Doc. No. 1085.).

Defendant has indicated that he intends to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, on grounds that include ineffective assistance of counsel. To assist in the preparation of the § 2255 motion, Gabor has filed the present motion to compel his former counsel to return the contents of his client file.

## II. GOVERNING PRINCIPLES AND LEGAL STANDARDS

There are several legal concepts at play in defendant's motion to compel. The Court begins with a client's entitlement to the contents of his attorney's client file. Rule 1.16(d) of the Ohio Rules of Professional Conduct provides that, as part of the termination of representation, a lawyer must take steps to protect a client's interest, including:

> delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules. Client papers and property shall be promptly delivered to the client. "Client papers and property" may include correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert reports, and other items *reasonably* necessary to the client's representation.

Ohio Prof. Cond. R. 1.16(d) (emphasis in original).

While attorney notes are not specifically identified in Rule 1.16(d) as "client papers and property," they may, under certain circumstances, fall within the parameters of "other items *reasonably* necessary to the client's representation." With respect to attorney notes, the Ohio Supreme Court, Board of Commissioners on Grievances and Discipline, has instructed:

> When a client makes a file request to a lawyer, the lawyer's decision as to whether to relinquish the lawyer's notes will require examination of the lawyer's notes in the file to determine whether the notes are items reasonably necessary to the client's representation pursuant to Prof. Cond. Rule 1.16(d). A lawyer's notes to himself or herself regarding passing thoughts, ideas, impression, or questions will probably not be items reasonably necessary to a client's representation. Internal office management memoranda such as personal assignments or conflicts of interest checks will probably not be items reasonably necessary to a client's representation. But, a lawyer's notes regarding facts about the case will most likely be an item reasonably necessary to a client's representation and if so should be turned over to the client.

Ohio S. Ct. Bd. of Comm'rs Adv. Op. 2010-2.

Defendant's motion also touches upon the right of petitioners in habeas corpus proceedings to discovery and the representation of counsel. There is no automatic right to discovery in connection with the preparation of a § 2255 motion. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Rule 6, which accompanies 28 U.S.C. § 2255, it is within the district court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only. Rule 6, 28 U.S.C. foll. § 2255; *Stanford*, 266 F.3d at 460; *see also Bracy v. Gramley*, 520 U.S. 899, 909, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (Good cause requires more than speculation, and instead the petitioner must show that "if the facts are fully developed, [the petitioner may] be

able to demonstrate that he is . . . entitled to relief."). Rule 6(a) provides, in relevant part, that: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), 28 U.S.C. § 2255. The burden of demonstrating the materiality of the information requested is on the moving party. *See Stanford*, 266 F.3d at 460 (citing *Murphy v. Johnson*, 205 F.3d 809, 813-15 (5th Cir. 2000)).

There is also no constitutional or statutory right to counsel at the habeas corpus stage. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citation omitted); 28 U.S.C. § 2255; *see also* 18 U.S.C. § 3006A(a)(2)(B) ("representation *may* be provided") (emphasis added). The decision to appoint counsel for federal habeas motion proceedings rests within the discretion of the court and is required only when the interests of justice so require. *Mira v. Marhsall*, 806 F.2d 636, 638 (6th Cir. 1986) (citation omitted). Relative to the present motion, one of the limited circumstances under which appointment is required is where the appointment of counsel is "necessary for effective discovery[.]" Rule 6(a), 28 U.S.C. § 2255.

### III. DISCUSSION

Gabor's motion seeks the recovery of two specific categories of materials: (1) "all attorney notes relating to [his] representation;" and (2) "protected material," comprising the materials that were produced by the government prior trial. (Mot. at 31452-53.) This latter category of documents and other evidence includes all *Brady*,

4

*Giglio*, and Jencks Act materials that were produced prior to trial pursuant to the Court's protective order.

### 1. Attorney Notes

According to Gabor, his former counsel's notes may relate to "plea offers or the lack thereof from the [g]overnment which were not communicated to [him,] . . . issues with preserving errors, impeaching or not impeaching witnesses, the preparation of jury instructions, issues relating to sentencing, the PSR, disparity of sentences, failure to present evidence, failure to call witnesses[, and] failure to raise defenses and other related issues." (Mot at 31452.) He concludes that "[t]here is no doubt that [he] needs his legal counsel's attorney notes." *Id*.

Former counsel disagrees. They insist that they have already returned to defendant all that they were required to produce under Rule 1.16(d). Included among the "client papers" former counsel have returned to Gabor are the following: all exhibits, whether admitted or not, Gabor's complete divorce file, jury instructions, trial and pre-trial motions, indictments, correspondence, and investigative materials. (Counsel Resp. at 21458.) In accordance with Advisory Opinion 2010-2, former counsel represent that they have reviewed the attorney notes prepared in this matter, and conclude that they consist of "passing thoughts, ideas, impression, and questions[,]" and are not reasonably necessary to defendant's post-conviction petitions. (Counsel Resp. at 31459-60.) As for plea negotiations, they represent that the best and final plea offer made by the government was signed by defendant and sealed by this Court prior to trial. (*Id*.)

Based on counsel's representations, the Court finds that the attorney notes are not reasonably necessary for the preparation of his § 2255 motion. Further, to the extent that Gabor's motion invokes a request for discovery in a § 2255 proceeding, the Court finds that defendant's speculation that the attorney notes *may* prove relevant to various post-conviction issues is insufficient to establish good cause for their production. Accordingly, defendant's motion to compel production of his former counsel's attorney notes is DENIED.

### 2. Protected Material

Former counsel do not oppose defendant's request for the "protected material" that was produced by the government prior to trial, but indicate that they question whether the terms of the Court's protective order would permit disclosure to anyone other than the parties or counsel of record. Since defendant is incarcerated, the voluminous materials cannot be delivered to him. Additionally, because defendant is *pro se*, there is not presently an attorney who could agree to become subject to the terms of the protective order and receive the information for defendant.  As an added hurdle to compliance with defendant's request, former counsel note that, pursuant to the protective order, they destroyed their copies of Jencks Act and *Giglio* material after the judgment was final. (Counsel Resp. at 31460-61.)

The government opposes defendant's request. Citing the fact that the federal investigation is ongoing, and underscoring the fact that the requested information contains sensitive personal and financial information regarding numerous individuals, the government maintains that "[u]nrestricted disclosure of this material at this time creates a

6

considerable concern for the integrity of the ongoing investigation." (Gov. Resp. at 31486.) The government also suggests that Gabor has "requested materials well beyond the scope of any potentially meritorious habeas petition. His Motion requested two terrabytes of electronic information, including hundreds of hours or recordings, thousands of pages of affidavits, and thousands of pages of reports. Most of the information has no bearing on [Gabor's] trial, and, consequently, cannot have any possible relevance to a habeas petition." (*Id.*)

While mindful of the government's concerns, the Court believes that defendant would be hard-pressed to prepare a post-conviction motion without the protected material and without the assistance of counsel to review the voluminous materials and separate the wheat from the chaff. *See Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (recognizing the need for a defendant to have access to his client file to prepare a meaningful § 2255 motion). Therefore, the Court finds that this is one of those rare instances where the appointment of counsel is necessary to assist in the effective review of the previously produced discovery materials that are governed by a protective order. *See, e.g.,* Rule 6(a), 28 U.S.C. § 2255. The Court shall appoint counsel for the limited purpose of assisting defendant in reviewing the protected material to identify that which may have some legitimate bearing on a § 2255 motion. Once counsel is appointed, and agrees to be bound by the protective order in this case, counsel shall make arrangements with former counsel and the government to receive relevant protected materials at a place and time convenient for all involved. Appointed counsel can then

make arrangements to review the materials with defendant at the institution in which he is housed.

Therefore, defendant's motion to compel the production of the protected materials previously produced in this case is GRANTED, as set forth above, and counsel shall be appointed to assist defendant in the review of the protected materials.

**IT IS SO ORDERED**.

Dated: June 4, 2015

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**