*EXHIBIT J*

July 14, 2011 Mark Dottore Letter

Case: 1:05-cv-02726-CAB Doc #: 539-1 Filed: 11/01/11 14 of 114. PageID #: 3493



DOTTORE COMPAN

July 14, 2011

Judge Kathleen O'Malley
United States District Court
Northern District of Ohio, Eastern Division
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113

    Re: Sheldon Gordon v. David Dadante, et al.
        Case No. 1:05CV2726

Your Honor:

Attached are fee invoices for the Receiver for October, November, and December, 2010 in the amounts of $42,059.50, $44,024.00, and $30,539.00 respectively. Also attached are bills from McCarthy, Lebit, Crystal & Liffman Co., LPA for October and November, and December, 2010 in amounts of $13,427.02 and $398.10 respectively. Invoices for Hermann Cahn & Schneider LLP for October and November, 2010 in the amount of $72.02 are attached. Invoices for Calfee, Halter & Griswold LLP for June, July, August and September, 2010 in amounts of $15,835.39, $2,822.52 and $14,383.43 and $32,605.50 respectively are attached.

We ask for your approval for the attached fee invoices.

If you should require any additional information at this time, please do not hesitate to call me.

Respectfully,

Mark E. Dottore, Receiver

2344 Canal Road Cleveland, Ohio 44113-2535
216.771.0727 fax: 216.771.2450 www.DottoreCo.com

Mark E. Dottore, Receiver
Gordon v. DaDante, et al
United States District Court
Northern District of Ohio, Eastern Division
Case No. 1:05 CV2726

## Accounting Summary for Receivership from inception through September 30, 2011

| | | |
|---|---:|---:|
| Cash in | | |
| Cash recovered - Exhibit 1 | | $11,310,180.99 |
| Interest Income | | 202,653.72 |
| Total cash in | | 11,512,834.71 |
| Cash out | | |
| Distributions to Limited Partners | | $3,716,052.45 |
| Professional fees - Exhibits 2, 3, 4 & 5 | | |
| -Receiver | $1,987,487.86 | |
| -Calfee Halter & Griswold | 1,042,062.96 | |
| -Cohen & Co. | 118,771.29 | |
| -McCarthy Leblt Crystal & Liffman | 406,083.75 | |
| -Hermann Cahn & Schneider LLP | 224,090.45 | |
| total professional fees paid | | 3,778,496.31 |
| Expenditures to maintain DaDante home - Exhibits 6 & 7 | | 57,439.16 |
| Expenditures related to DaDante family while assets were frozen - Exhibit 8 | | 11,455.68 |
| Other expenditures by Receiver - Exhibit 9 & 10 | | 51,286.51 |
| Total cash out | | 7,614,730.11 |
| Cash balance 9/30/11 | | $3,898,104.60 |
| Non Cash Assets - Exhibit 1 | | $27,989.05 |

Securities - INOC shares 4,311,644 common stock



## Investors in Dadante's Ponzi scheme to receive 100 percent of their money back -- plus 10 percent more

James F. McCarty, The Plain Dealer By James F. McCarty, The Plain Dealer
Email the author | Follow on Twitter
on April 24, 2014 at 5:32 PM, updated April 25, 2014 at 7:50 AM

CLEVELAND, Ohio – More than 100 investors in David Dadante's $58 million Ponzi scheme received some remarkable news Thursday during a hearing in U.S. District Court.

After eight years spent waiting with low expectations for any return on their investments, the 105 victims of Dadante's scam learned they soon will receive 100 percent compensation for the money they invested -- plus no less than an additional 10 percent.



U.S. District Court Judge Christopher Boyko is considering paying receiver a bonus for his work in the Dadante case.
Plain Dealer file

"To say it's been a rough case is the understatement of the year," said U.S. District Judge Christopher Boyko at the conclusion of the 2 1/2-hour hearing. "I will attempt to get the money into the hands of the investors as soon as I can."

Boyko was so impressed with the outcome of the case that he asked attorney Rob Glickman to research the legal precedent that might allow him to award a "success fee" bonus to the receiver, Mark Dottore.

The potential bonus payment did not sit well with lawyers representing Dadante's investors.

"The receiver did a very good job, but the receiver was paid over $3 million, and he earned it," said attorney Michael Diamant, adding there was no precedent for paying bonuses to receivers in addition to their contracted pay, and it would be



"inequitable" to pay the money out of the investors' funds.

View full size

Receiver Mark Dottore successfully recovered 110 percent of investors' money in the David Dadante Ponzi scheme.

Gus Chan, Plain Dealer file

"The receiver did the job he was supposed to do," said attorney George Argie III, who was also an investor. "He has been fully, fairly and handsomely compensated. But the receiver took no risk. The investors took the risk. It was their money."

Glickman said his research found that such a success fee would be legal, and that Dottore earned it.

"It's not the case that Mr. Dottore just got lucky," Glickman said. "The receiver did incredible work, and the court has the authority to award a success fee."

Boyko said he would take the matter under advisement and rule at a later date.

Dottore succeeded in recovering $59 million for the investors. The majority of that -- $38 million -- came from the sale of close to 3 million shares of stock in a small, Georgia-based logistics company called Innotrac. Another $17 million came from a now-defunct Baltimore brokerage firm called Ferris Baker Watts. Also, several companies forgave millions of dollars worth of debt that the investors would have been responsible for, accounting for the total recovery, Glickman and Dottore said.

Meanwhile, Dadante, 60, of Gates Mills, is serving a 13-year sentence for fraud in a federal prison in Morgantown, W.Va.

Dadante was an admitted cocaine abuser and a regular at Atlantic City casinos. He conned his investors into believing he knew an executive at Goldman Sachs who could set them up to purchase stock in exclusive initial public offerings, promising annual returns of 10 to 20 percent.

But in 2005, Dadante's scam was exposed, and he admitted that the Goldman Sachs account did not exist and that he had been giving investors phony statements, using the money collected from new investors to pay off earlier investors.

© 2015 cleveland.com. All rights reserved.