UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR387 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| MICHAEL D. GABOR, | ) | |
| | ) | |
| DEFENDANT. | ) | |

There are a number of matters presently before the Court that are related to the motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255, filed by defendant Michael D. Gabor. To put these matters in context, it is necessary to briefly flesh out the recent procedural history surrounding defendant's post-conviction motion.

Defendant was convicted as part of a larger federal investigation into public corruption in Cuyahoga County, Ohio. His sentence was affirmed on appeal on April 30, 2014. On June 4, 2015, the Court granted, in part, defendant's *pro se* motion to compel the production of certain protected materials produced prior to trial in this case. (Doc. No. 1097; *see* Doc. No. 1092.) In connection with this ruling, the Court also appointed counsel for defendant "for the limited purpose of assisting defendant in reviewing the protected material to identify that which may have a legitimate bearing on a § 2255 motion." (Doc. No. 1097 at 31495.) On September 24, 2015, the Court granted defendant's *pro se* motion for leave to exceed the page limitation for § 2255 motions by twenty pages. On November 6, 2015, defendant filed a 47-page *pro se* motion to vacate, set aside, or correct sentence under § 2255. (Doc. No. 1108.)

On November 25, 2015, the government filed a "Motion for Inquiry or Other Relief." (Doc. No. 1111.) In this motion, the government requested that the Court "conduct an inquiry as to Michael Gabor's alleged *pro se* status," noting that defendant had failed to file his motion under penalty of perjury (*Id*. at 31787, 31789.) The impetus for the motion was the government's concern that defendant had received assistance from an attorney—a co-conspirator convicted as part of the same federal public corruption investigation—even though defendant represented that his motion was filed *pro se*. The Court instructed defendant to respond to the government's motion for an inquiry, and defendant filed such a response on December 7, 2015. (Doc. No. 1113.) As part of his response, defendant moved the Court for the appointment of counsel. (*Id*. at 31818-19.) While he concedes that he received assistance from other inmates, and does not specifically deny that one of these inmates may have been a formerly licensed attorney and co-conspirator, defendant states that he prepared and submitted his § 2255 motion as a *pro se* litigant. In support, he offers a declaration "under penalty of perjury" that the representations in his response, as well as all matters contained in his previously filed § 2255 motion, "are true and correct" and further provides that his signature "ratifies" this declaration. (*Id*. at 31819.)

The Court is satisfied that petitioner is litigating his post-conviction motion in *pro se* fashion. The Court does not find, however, that he has demonstrated a need for appointed counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citation omitted). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citations omitted); *see* 18 U.S.C. § 3006A(a)(2) (the court may appoint counsel to a person seeking relief

2

under 28 U.S.C. § 2255 if "the interests of justice so require"). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (quotation marks and citation omitted).

In support of his request for counsel, defendant offers his belief that the government would prefer that he be represented by counsel—a belief that is belied by the government's opposition to his request (*see* Doc. No. 1114 at 31821-22)—and his desire "not to have to continue to consult typewriters, inmates and outdated legal resources[.]" (Doc. No. 1113 at 31818.) He also cites, without any elaboration, "the complexities of this unique [§] 2255 proceeding[.]" (*Id*. at 31819.)

Defendant has not demonstrated that the interests of justice require that he receive appointed counsel to advance his § 2255 motion. The Court has reviewed defendant's motion and does not find that it involves complex issues for which assistance of counsel is needed. Moreover, while the trial record in this case was voluminous, the Court already took the extraordinary step of appointing counsel to assist defendant in reviewing those documents. Additionally, the Court notes that defendant has filed numerous motions, in addition to his 47-page § 2255 motion, and he has demonstrated that he has the ability to adequately prepare and present his claims in these proceedings. If the Court determines, at a later date, that an evidentiary hearing is required, the Court will appoint counsel at that time. *See Swazo v. Wyoming Dep't of Corr*., 23 F.3d 332, 333 (10th Cir. 1994) (collecting cases providing that the appointment of counsel is mandatory when an evidentiary hearing is warranted). Defendant's

motion for the appointment of counsel (Doc. No. 1113) is denied.

Defendant has also filed a *pro se* motion for discovery. In his discovery motion, filed contemporaneously with his § 2255 motion, defendant moves for discovery on a variety of topics and has included several proposed document requests. (Doc. No. 1109 at 31779-83.) These requests seek information relating to a number of individuals, including: the former district court judge who briefly presided over this matter, relatives and business associates of the Assistant United States Attorneys who tried defendant's case, and attorneys who represented co-conspirators who were tried in separate proceedings.

There is no automatic right to discovery in connection with the preparation of a § 2255 motion. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (quotation marks omitted)). Pursuant to Rule 6, which accompanies § 2255, it is within the district court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only. Rule 6, 28 U.S.C. foll. § 2255; *Stanford*, 266 F.3d at 460; *see also Bracy v. Gramley*, 520 U.S. 899, 909, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (Good cause requires more than speculation, and instead the petitioner must show that "if the facts are fully developed, [the petitioner may] be able to demonstrate that he is . . . entitled to relief.") Rule 6(a) provides, in relevant part, that: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure, or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), 28 U.S.C. § 2255. The burden of demonstrating the materiality of the information requested is on the moving party. *See Stanford*, 266 F.3d at 460 (citing *Murphy v. Johnson*, 205 F.3d 809, 813-15 (5th Cir. 2000)).

Moreover, the Sixth Circuit has rejected the notion that a convicted criminal defendant is entitled to wide-ranging discovery to explore possible grounds for a § 2255

4

challenge to his conviction. *United States v. Okai*, No. 96-3222, 1996 WL 549804, at *1 (6th Cir. Sept. 25, 1996). While a district court may exercise its discretion and grant a discovery request where a habeas petitioner can point to specific evidence that might be discovered that would support his constitutional claims, without such a showing, a federal court will not order discovery. *Marshall v. Hendricks,* 103 F. Supp. 2d 749, 763-64 (D. N.J. 2000) (*rev'd, in part, on other grounds*, 307 F.3d 36 (3d Cir. 2000). Rule 6(a) does not permit a "fishing expedition masquerading as discovery." *Stanford*, 266 F.3d at 460; *Corrigan v. Thoms*, 55 F. App'x 754, 756 (6th Cir. 2003) ("To the extent [the petitioner] wishes to mount a 'fishing expedition' for errors, the district court was not required to provide [him] with transcripts so that he might search for new post-conviction claims.") (citation omitted); *see also Payne v. Bell*, 89 F. Supp. 2d 967, 970 (W.D. Tenn. 2000) (A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery).

Defendant has not shown good cause for the discovery he seeks, and the nature of his proposed discovery requests highlights the fact that he is attempting to undertake a fishing expedition in the hopes of uncovering some unknown evidence to support his § 2255 claims. For example, several of the document requests relate to Judge Kathleen O'Malley, who briefly presided over defendant's criminal action before she was elevated to the Federal Circuit. (*See* Doc. No. 1109 (Doc. Request Nos. 1-4, 7, 12).) Defendant claims that Judge O'Malley's appointment of a receiver in matters unrelated to the federal investigation in which defendant was charged and her familial relationship to individuals who, in some way, had at one time or another crossed paths with those implicated or involved in the federal investigation in which defendant was convicted created an impermissible bias for which Judge O'Malley should have recused in his case. He seeks personal information regarding Judge O'Malley and several of her

5

family members.

This discovery will not be permitted because defendant's evidence of actual bias consists of speculation and unsubstantiated allegations of impropriety. Even his affidavit offered in support of his § 2255 motion is held together by hearsay, conjecture, and wild and unsupported assumptions of wrongdoing. (*See* Doc. No. 1108-7.) Moreover, given the fact that he has not alleged an impermissible bias *against him*, and further given the fact that Judge O'Malley did not preside over defendant's trial or make any substantive rulings in his case, the Court finds that the discovery he seeks is not likely to permit him to prevail on his § 2255 motion.

Similarly, defendant seeks personal information regarding individuals related to certain Assistant United States Attorneys who prosecuted his case. After identifying various facially innocent connections that he believes these relatives may have had to other figures in the federal probe, Gabor surmises, without support, that they must have played a key role in the investigation or somehow negatively impacted his case.[1] Again, the Court will not take the extraordinary act of permitting discovery based on defendant's rank speculation.

That defendant is hoping to stumble upon some yet-to-be discovered evidence that will support the allegations he has leveled in his § 2255 is most evident in his requests that seek "any and all documents regarding or relevant to the claims of judicial bias, judicial misconduct and/or prosecutorial misconduct[,]" (Request No. 10), "any and all documents regarding any potential or actual conflicts of interest involving any attorney involved in the

---

[1] For example, defendant alleges that AUSA Antoinette Bacon's parents once provided accounting services to Frank Russo and others implicated in the federal investigation. He admits that has "no information" if AUSA Bacon's parents were ever interviewed by the FBI, but he, nonetheless, seeks all documents from her father's accounting firm relating to his representation of numerous individuals. (Doc. No. 1108 at 31565; Doc. No. 1109 (Request No. 6) at 31780-81.)

6

Investigation as communicated by any representative of the United States Attorneys Office[,]" (Request No. 14), and "any and all documents regarding any communication by the government with the media regarding the Investigation." (Request No. 15.) Defendant has not shown good cause for the broad discovery he seeks, and the Court will not condone what would clearly be a far-flung fishing expedition.[2]

Finally, defendant has moved to extend the briefing schedule by 60 days in order to permit him an opportunity to review the "voluminous" protected material with his appointed counsel. (Doc. No. 1112 at 31812.) In support of his motion, defendant represents that the attorney appointed by the Court to assist defendant in reviewing the protected trial materials was unable to assist defendant until *after* the deadline for filing the § 2255 motion had passed. Defendant notes that, as a result, his § 2255 motion included a request to supplement his motion after he and counsel have had the opportunity to review the protected trial materials. (*Id*.) The government has also requested additional time in which to respond to defendant's habeas motion. (Doc. No. 1111 at 31794.)

The Court is disappointed that appointed counsel was unable to assist defendant with reviewing the record material prior to the deadline for filing the § 2255 motion. Nonetheless, and notwithstanding the fact that the Court has already permitted defendant to exceed the page limitation for § 2255 motions, the Court will grant defendant leave until March 18, 2016 to file a supplement to his motion—not to exceed ten pages (excluding properly filed exhibits). The government shall have leave until May 6, 2016 to file a response, and defendant

---

[2] By the same motion, defendant also requests leave to expand the record to include the documents and exhibits he has appended to his § 2255. (Doc. No. 1109 at 31783.) The Court will reserve ruling on this portion of the motion until the government has had an opportunity to address the request in their response to defendant's § 2255 motion.

may file any reply by no later than June 10, 2016.

    **IT IS SO ORDERED**.


Dated: January 18, 2016

                                     **HONORABLE SARA LIOI**
                                     **UNITED STATES DISTRICT JUDGE**