UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. GABOR, | ) | CASE NO. 1:10CR387 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On November 6, 2015, *pro se* petitioner Michael Gabor filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 1108.) On April 25, 2016, following a grant of leave by the Court, petitioner filed a supplement to his § 2255 motion. (Doc. No. 1134.) In his motion and supplement, petitioner appears to maintain that he was denied the effective assistance of counsel prior to and during trial.

The government has moved for an order finding that, by challenging the effectiveness of counsel in his § 2255 motion, petitioner had waived the attorney-client with respect to the claims raised in his motion and supplement. (Doc. No. 1135.) The government also seeks an order authorizing trial counsel, Leif B. Christman and David G. Oakley, to discuss their representation with the government as it relates to the issues raised in petitioner's § 2255 motion and supplement; to provide an affidavit or declaration addressing petitioner's ineffective assistance claims; and to testify at an evidentiary hearing, if one is held, with respect to these claims. (*Id*. at 31903.) In his response to the government's motion, petitioner represents that he "agrees to and

consents to the waiver of the attorney-client privilege to the extent described in the Respondent's Motion." (Doc. No. 1138 at 31927.)

By claiming ineffective assistance of counsel and otherwise raising issues regarding his attorney's performance in a § 2255 motion to vacate, set aside, or correct a sentence, a defendant implicitly waives the attorney-client privilege to the extent that any privileged communications bear on his attorney's performance. *See In re Lott*, 424 F.3d 446, 452-54 (6th Cir. 2005) (collecting cases). In such circumstances, courts routinely issue orders finding a limited, implied waiver of the attorney-client privilege. *See, e.g., Drake v. United States*, No. 3:05-00209, 2010 WL 3059197, at *1-2 (M.D. Tenn. July 30, 2010); *United States v. Lossia*, No. 04-80422, 2008 WL 192274, at *1-2 (E.D. Mich. Jan. 23, 2008).

The Court therefore finds that a limited waiver of the attorney-client privilege is necessary for the government to defend the ineffective assistance claims petitioner raises in his § 2255 motion and supplement. *See In re Lott*, 424 F.3d at 453 ("Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'") (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)). Accordingly, the Court grants the government's motion, and further grants petitioner's prior counsel permission to discuss with the government the specific allegations of alleged ineffective assistance of counsel raised by petitioner in his § 2255 motion and supplement.

**IT IS SO ORDERED**.


Dated: May 6, 2016

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**