# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. GABOR, | ) | CASE NO. 1:10CR387 |
| | ) | 1:15CV2298 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the *pro se* motion of petitioner Michael D. Gabor ("Gabor") to amend his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 1177 ["Mot."].) Respondent United States of America (the "government") opposes the motion (Doc. No. 1184 ["Opp'n"]), and Gabor has filed a reply. (Doc. No. 1193 ["Reply"].) For the following reasons, Gabor's motion to amend is GRANTED and, as amended, his § 2255 motion is DENIED.

## I. BACKGROUND

The facts in this case have been the subject of numerous opinions and orders—both at the district court and court of appeals level—and familiarity with these decisions is assumed. Therefore, only a brief review of the factual and procedural history is necessary to properly frame the present motion. Both Gabor and his co-defendant, James Dimora, were convicted, after a lengthy jury trial, of multiple "violations of federal anti-corruption laws stemming from their participation in a host of bribery and fraud schemes involving various Cleveland-area favor-

seekers." *United States v. Dimora*, 750 F.3d 619, 623 (6th Cir. 2014). "Through thousands of wiretaps and other means, the [FBI's] investigation revealed that Dimora's tenure as [Cuyahoga County C]ommissioner was rife with *quid pro quo* arrangements between him and individuals seeking favors of one sort or another from the county and other governments. He handed out public jobs, influenced Cleveland decision-makers and steered public contracts in return for approximately 100 bribes worth more than $250,000." *Id*.

As a lower-level county employee, Gabor "did not wield Dimora's authority or receive as many meals, gifts, trips and home improvements, he was [nonetheless unafraid] to use his influence in similar ways for similar reasons." *Id*. at 624. The Sixth Circuit noted that Gabor:

> started out on the wrong foot by buying his job from [then-Cuyahoga County Auditor Frank] Russo for $5,000. After that start, Gabor was an auditor in name only. He spent most of his time running errands for Dimora that had nothing to do with the customary requirements of the job. Among other things, he was a go-between in arranging kickback schemes on county projects. And when Gabor learned that the FBI was investigating him, he warned his co-conspirators about the investigation and tried to convince them to lie about what they were up to.

*Id*.

On July 31, 2012, the Court sentenced Dimora to a within guidelines term of imprisonment of 336 months, to be followed by three years of supervised release. (Doc. No. 957 (Dimora Judgment).) On August 14, 2012, the Court sentenced Gabor to a within guidelines sentence of 121 months, with three years of supervised release. (Doc. No. 974 (Gabor Judgment); *see* Doc. No. 1091 (Gabor Amended Judgment).) Both men took a direct appeal, challenging, among other things, the jury instructions, including the jury instructions relating to bribes offered in exchange for official acts. *Dimora*, 750 F.3d at 624-25. The Sixth Circuit affirmed the district court's judgment, finding that the Court did not err in its charging

instructions. *Id*. at 625.

On November 6, 2015, Gabor filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. No. 1108 ["Gabor § 2255"].) After affording Gabor leave to conduct discovery, and after permitting extensive briefing on the motion, the Court denied the motion in a memorandum opinion, dated October 5, 2017, and declined to issue a certificate of appealability. (Doc. No. 1167 ["MO"].) On February 8, 2018, the Sixth Circuit also declined to issue Gabor a certificate of appealability. (Doc. No. 1192.)

In this initial § 2255 motion, Gabor raised judicial bias, prosecutorial misconduct, and ineffective assistance of counsel. The alleged judicial bias related to claims that a "district judge who presided over his case for a short period time knew or had personal relationships with many of the persons targeted in or otherwise associated with the expansive public-corruption investigation that produced the charges against him." (Doc. No. 1192 at 33011.) Likewise, the prosecutorial claims related to what Gabor suggested were undisclosed conflicts of interest involving personal connections between the Assistant United States Attorneys assigned to his case and individuals associated with the public corruption scandal. (*Id*. at 33012.) The Court found that these attenuated connections did not entitle Gabor to relief from his sentence, and the Sixth Circuit agreed.

Gabor's co-defendant, Dimora, did not initially seek collateral relief. On June 20, 2017, Dimora filed a § 2255, premised on the Supreme Court's ruling in *McDonnell v. United States*, -- U.S.--, 136 S. Ct. 2355, 195 L. Ed. 2d 639 (2016), which narrowed and focused the legal definition of "official act" in the federal bribery statute, 18 U.S.C. § 201(a)(3). (Doc. No. 1162.) Based on this ruling, Dimora argued that the activities for which he was convicted no longer

3

qualify as "official acts" under the law. (*Id.*)

In a detailed ruling, issued October 22, 2018, the Court denied Dimora's § 2255 motion. (Doc. No. 1196.) The Court determined that the Court's instructions did not suffer from the same deficiencies highlighted in the *McDonnell* ruling, and further found that the overwhelming evidence established that Dimora committed a multitude of acts that still qualified as "official acts" after *McDonnell*. The Court's analysis included a count-by-count review of the evidence. Thereafter, the Court concluded:

> There is no doubt that the Supreme Court's decision in *McDonnell* changed the legal landscape regarding the federal bribery statute and the concept of "official acts." That ruling did not, however, change the evidence offered at Dimora's trial or the instructions given to Dimora's jury by this Court. Because the vast majority of the acts charged in the indictment, and proven by the government at trial, established that Dimora engaged in conduct that constitutes official acts in a post-*McDonnell* world, his convictions must stand. Those few acts that would no longer pass muster under *McDonnell* would have been disregarded by a rational juror applying the Court's instructions. However, any possible error in charging the jury on the subject of "official acts," to the extent that the jury was not sufficiently charged, was harmless. The jury heard nearly six weeks of testimony—in addition to Dimora's own self-implicating words in tape-recorded conversations—that established that he did so much more than set up meetings or place phone calls. He repeatedly solicited and received bribes in exchange for official acts, and pressured other public officials to take official action in furtherance of these bribery schemes. The jury properly concluded that this conduct violated the Hobbs Act and constituted honest services fraud. Accordingly, Dimora's motion to set aside his convictions on this ground is DENIED.

(*Id.* at 33187-88.) Dimora took an appeal from the Court's ruling (Doc. No. 1200 [Notice of Appeal]), and his appeal remains pending in the Sixth Circuit.

On June 26, 2017, Gabor filed an application in the Sixth Circuit seeking permission to fie a second or successive § 2255 motion, citing *McDonnell*. (Mot.; *see* Doc. No. 1177-1.) In support of his application, he incorporated by reference the entirety of the § 2255 motion filed by

Dimora. (Mot. at 32623.) Because Gabor's original § 2255 motion was still pending when he sought leave to file a second petition, the Sixth Circuit ruled that his application was not successive and, instead, "should be treated as a motion for leave to amend [Gabor's] first motion under Federal Rule of Civil Procedure 15." (Doc. No. 1176 at 32612.) The Sixth Circuit directed that the present motion be transferred to the district court for consideration as a motion to amend Gabor's original § 2255 petition. (*Id*. at 32613.)

## II. DISCUSSION

"Because the Rules Governing Section 2255 Proceedings for the United States District Courts do not deal with amendments to motions for collateral review, a motion to amend a § 2255 motion is generally governed by the Federal Rules of Civil Procedure." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). Fed. R. Civ. P. 15(a) provides that leave should "be freely given when justice so requires[.]" "Nevertheless, denying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

The Court finds that "justice so requires" permitting the amendment as there is no evidence of bad faith or dilatory motive, prejudice to the government, or a repeated failure by Gabor to cure deficiencies in his pleading. Additionally, it appears from the documents filed in the Sixth Circuit that Gabor timely sought leave to amend within one year of the ruling in *McDonnell*. (*See* Mot. at 32614 (Time Stamp, dated June 26, 2017.) However, the Court finds

that, for all of the reasons previously set forth in its ruling denying Dimora's § 2255 motion, Gabor is not entitled to relief from the Court's judgment. (*See* Doc. No. 1196.)

In addressing Dimora's § 2255 motion (of which Gabor has incorporated by reference in its entirety), the Court went painstakingly through the evidence offered in support of each count in the indictment before concluding that the ruling in *McDonnell* did not entitle him to relief from judgment. With respect to Count 21 (Conspiracy to Commit Hobbs Act Extortion)—the only count implicated by Gabor's motion to amend[1]—the Court found that the nine schemes governed by this count were supported by evidence that Dimora cast numerous votes in exchange for bribes, and that he pressured other public officials to perform official acts that would benefit himself, Gabor, and a separately indicted co-conspirator, Steven Pumper. (*See* Doc. No. 1196 at 33178-80.) To the extent that any evidence was offered as to this count that would no longer qualify as an "official act" under *McDonnell*, the Court found that the jury would have applied this Court's instructions to the evidence to conclude that such evidence did not qualify as an "official act." (*Id.* at 33180-81.)

Because Count 21 charged a conspiracy, and the same evidence was applicable to both

---

[1] In Count 21, both Dimora and Gabor were convicted of conspiracy to commit Hobbs Act Extortion. (Doc. No. 738 (Dimora Jury Verdicts) at 17139; Doc. No. 739 (Gabor Jury Verdicts) at 17195.) An essential element of Hobbs Act Extortion is the commission of an "official act," and the ruling in *McDonnell* is, therefore, applicable to that count. *See McDonnell*, 136 S. Ct. at 2365. However, for the same reasons the Court previously determined that Dimora's convictions for the crimes of bribery concerning programs receiving federal funds, RICO conspiracy, mail fraud, and obstruction of justice were not affected by the ruling in *McDonnell*, the Court finds that Gabor's convictions in Counts 1, 17, 19, 28, 31, and 32 are undisturbed by *McDonnell*. (*See* Doc. No. 1196 at 33148-51.)

6

defendants, the Court reaches the same conclusion as to Gabor's conviction.[2] Further, the Court, once again, concludes that its jury instructions did not suffer from the same deficiencies identified in *McDonnell*, and that any possible error did not have a substantial and injurious effect or influence on the jury's verdict. (*Id*. at 33151-56.) Therefore, the Court DENIES Gabor's amended § 2255 motion on the merits.

## III. CONCLUSION

For all of the foregoing reasons, Gabor's motion to amend his motion to vacate (Doc. No. 1177) is GRANTED and, as amended, his motion to vacate his sentence is DENIED. Further, for the same reasons, the Court would certify that there is no basis upon which to issue a certificate of appealability on any counts for which Gabor was convicted. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). However, on March 28, 2019, the Sixth Circuit granted Dimora's application for a COA, in part, for the limited purpose of determining whether this Court's instructions regarding an "official act" were erroneous in light of *McDonnell*, for purposes of Dimora's convictions under the Hobbs Act. (*See* Doc. No. 1201 at 33211.) The Sixth Circuit specifically denied Dimora's application to the extent it sought to challenge his convictions for mail and wire fraud

---

[2] Count 31 charged Gabor with conspiracy to commit mail fraud and/or honest services mail fraud, and Count 32 charged Gabor with aiding and abetting mail fraud and/or honest services mail fraud. (Doc. No. 739 (Gabor Jury Verdicts) at 17197-17200.) To be sure, honest services mail fraud is a crime for which the commission of an official act is required. *See United States v. Suhl*, 885 F.3d 1106, 1112 (8th Cir. 2018) (applying *McDonnell's* definition of "official act" to conviction for honest services fraud); *United States v. Boyland*, 862 F.3d 279, 290 (2d Cir. 2017) (similar). Nonetheless, Count 31 charged a conspiracy with two objects, the first object being traditional money or property fraud, and the second object being honest services fraud. Likewise, Count 33 charged aiding and abetting two substantive mail fraud crimes, one being honest services fraud and one being money or property fraud. The jury returned special verdicts on both counts finding Gabor guilty of both the traditional and the honest services fraud offenses. (Doc. No. 739 at 17197-17200.) While Gabor argues that some of the evidence in these alternatively pleaded fraud claims overlapped with the bribery counts, the fact remains that an official act is not an element of traditional money and property fraud, and the jury was properly so instructed. *See United States v. Frost*, 125 F.3d 346, 358-59 (6th Cir. 1997) (setting forth the elements of the substantive crime of mail fraud); *see also* Doc. No. 1045, Tr. Vol. Vo. 36 (Government Closing Argument) at 30141 ["Mail fraud without honest services has nothing whatsoever to do with bribery"]; 30181 [similar].) Accordingly, and for the reasons the Court previously rejected Dimora's argument, the Court finds that Counts 31 and 32 were unaffected by *McDonnell*.

or those under 18 U.S.C. § 666. (*Id.*) Because the only count possibly implicated by the ruling in *McDonnell* and the Sixth Circuit's limited grant of appealability for which Gabor was convicted was Count 21 (Conspiracy to Commit Hobbs Act Extortion), the Court shall GRANT a certificate of appealability on whether this Court's jury instructions regarding an "official act" were erroneous in light of *McDonnell* with respect to Count 21 ONLY, as it pertains to Gabor. As to the remaining counts, the Court CERTIFIES that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    **IT IS SO ORDERED**.


Dated: August 6, 2019

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**